WAGNER CHOI & VERBRUGGE
Attorneys at Law

CHUCK C. CHOI
NEIL J. VERBRUGGE
ALLISON A. ITO
745 Fort Street, Suite 1900
Honolulu, Hawaii 96813
Telephone: (808) 533-1877
Fax: (808) 566-6900
Email: cchoi@hibklaw.com
nverbrugge@hibklaw.com
aito@hibklaw.com

Proposed Attorneys for Debtor
and Debtor-in-Possession

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>CUZCO DEVELOPMENT U.S.A., LLC,<br><br>      Debtor and<br>      Debtor-in-possession. | Case No. 16-00636<br>(Chapter 11)<br><br>Hearing:<br>Date:  July 18, 2016<br>Time:  9:30 a.m.<br>Judge: Hon. Robert J. Faris |

MOTION FOR ORDER AUTHORIZING DEBTOR
TO REJECT COMMERCIAL LEASE FOR SPACE #I-102A (RETAIL SHOPS)
WITH YEDANG ENTERTAINMENT USA, INC.

    CUZCO DEVELOPMENT U.S.A., LLC, debtor and debtor-in-possession herein ("Debtor"), hereby moves this Court, pursuant to 11 U.S.C. § 365, Federal

1

Rule of Bankruptcy Procedure 6006 and LBR 6006-1, for entry of an order authorizing the rejection of that certain commercial lease for Space #I-102A (Retail Shops) with YEDANG ENTERTAINMENT USA, INC., as further described herein ("Motion"). In support of this Motion, the Debtor respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## PROCEDURAL BACKGROUND

3. The Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Hawaii (the "Court") on June 20, 2016.

4. The Debtor continues to operate and manage its business, as debtor-in-possession, pursuant to Bankruptcy Code §§ 1107 and 1108.

## BACKGROUND

5. The Debtor's primary asset is a shopping center located on approximately 3.5 acre parcel of commercial real estate located at 805-919

2

U.S. Bankruptcy Court - Hawaii   #16-00636   Dkt # 8   Filed 06/20/16   Page 2 of 9

Keeaumoku Street which is commonly known as the Keeaumoku International Village or the Keeamoku Shopping Center (the "Keeaumoku Property").

6. The Keeaumoku Property contains a number of low-rise buildings with commercial tenants, including Sorobol Korean Restaurant and numerous other retail businesses. The supermarket in the Keeaumoku Property is the "anchor" tenant and drives significant traffic to other businesses in the shopping center.

7. The Keeaumoku Property is encumbered by a first mortgage in favor of East West Bank in the approximate amount of $25,070,754.83. The Debtor is also liable for accrued real property taxes totaling approximately $600,000.00. Although the Debtor's Schedules and Statement of Financial Affairs have not been filed as of this date, the Debtor estimates that its undisputed unsecured indebtedness, including tenant deposits, totals less than $500,000. The Property is worth approximately $45 million. Thus this estate is solvent.

**Mr. Doo Sup Byun's Control of Cuzco and Yedang Entities**

8. From 2007 to his death in June, 2013, Doo Sup Byun owned or controlled, inter alia, the following entities: the Debtor, its parent company Cuzco Korea Development, Inc. ("Cuzco Korea"), Yedang USA and its parent, Yedang Entertainment Korea, Inc. ("Yedang Korea") (the foregoing entities are referred to as the "Korea-US Entities").

9.  During this time period, Mr. Byun exercised control over all four entities, and caused numerous complicated financial transactions to occur between the four entities for his benefit. During this period, Mr. Byun was married to Soo Kyung Yang, a well-known Korean singer. Ms. Yang's younger brother is named Chung Youl Yang. He owns Yang Enterprises, Inc. ("YEI"), which operated the Keeaumoku Supermarket on the Property from approximately October, 2011 to early April, 2016, when YEI closed its doors because YEI could no longer pay its creditors, including the Debtor.[1]

### 2011: Debtor and Yedang USA, Inc. Lease for #I-102A

10.  On or about December 1, 2011, the Debtor, as Landlord, and Yedang Entertainment USA, Inc. ("Yedang USA"), as tenant, entered into a commercial lease ("Lease") for the premises described in the lease as Space #I-102A consisting of approximately 3,500 square feet of space located at 835 Keeaumoku Street, #I-102A (the "Retail Shops"). The initial base monthly rent for the Lease was $4,900, and initial monthly CAM was $3,850 per month.

### 2012: Yedang USA's default under Lease

11.  Pursuant to the Retail Shops Lease, Yedang USA was obligated to make the first monthly rent and CAM payment to Cuzco USA on February 1, 2012.

---

[1] The Debtor has filed herewith a separate motion to reject Yedang USA's purported interest in the supermarket lease.

4

12. Yedang USA failed to make its first monthly rent payment, and failed to make its first initial CAM payment due on February 1, 2012, and thereafter made only periodic rent and CAM payments to the Debtor.

### June 2013: Mr. Doo Sup Byun's Death

13. On or about June 4, 2013, Mr. Byun suddenly died in Korea under suspicious circumstances. Sometime after Mr. Byun's death, his brother Mr. Jong Byun took over control of Yedang Korea and Yedang USA. It is unclear by what legal authority or right Mr. Jong Byun was able to take over control of Yedang Korea and Yedang USA.

### Yedang USA continuing default under Lease

14. As of August 2014, Yedang USA was in default in payment of rent and CAM in the total amount of $173,015.59.

15. As a result of Yedang USA's continued default, before April 1, 2016, the Debtor exercised its right of re-entry under the Lease and took possession of the "Retail Shops" premises and entered into five separate concessionaire agreements renting out the "Retail Shops" space to various concessionaires.

16. The five concessionaires under the concessionaire agreements are paying the Debtor monthly rent totaling approximately $12,700.00 per month.

## RELIEF REQUESTED AND BASIS

17. While Debtor believes the Lease was no longer effective prior to the Petition Date, the Debtor has filed this Motion in an abundance of caution to confirm its decision to terminate the Lease.

18. Pursuant to Section 365(a), of the Bankruptcy Code and Bankruptcy Rules 6006 and 9014, the Debtor respectfully requests that the Court enter an order authorizing the Debtor to reject the Lease subject to, and without prejudice to, the Debtor's right to argue that the Lease was validly terminated or otherwise expired pre-petition, and/or the Lease was unrecorded and void pursuant to 11 U.S.C. § 544(a), or other legal arguments.

19. Section 365(a) of the Bankruptcy Code authorizes the assumption or rejection of any executory contract or unexpired lease of the debtor subject to court approval. *See* 11 U.S.C. § 365(a).

20. Although the Bankruptcy Code does not provide guidelines for use in determining whether to approve the debtor in possession's decision to assume or reject an executory contract or unexpired lease, courts have overwhelmingly applied a "business judgment" test. *See, e.g., Durkin v. Benedor Corp., (In re Benedor G.I. Indus., Inc.)*, 204 F.3d 1276, 1282 (9th Cir. 2000) (context of rejection); *Robertson v. Pierce (In re Chi-Feng Huang)*, 23 B.R. 798, 800 (Bankr.

6

U.S. Bankruptcy Court - Hawaii    #16-00636    Dkt # 8    Filed 06/20/16    Page 6 of 9

9th Cir. 1982) (rejection); *Richmond Leasing Co. v. Capitol Bank, N.A.*, 762 F.2d 1303, 1309 (5th Cir. 1985) (assumption).

21. In applying the business judgment standard, courts show great deference to a debtor's decision to reject executory contracts. *In re Pomona Valley Medical Group, Inc.*, 476 F.3d 655, 670 (9th Cir. 2007) ("in evaluating the rejection decision, the bankruptcy court should presume that the debtor-in-possession acted prudently, on an informed basis, in good faith, and in the honest belief that the action taken was in the best interests of the bankruptcy estate"); *In re G.I. Industries, Inc.*, 204 F.3d 1276 (9th Cir. 2000); *Lubrizol Enterprises, Inc. v. Richmond Metal Finishers, Inc. (In re Richmond Metal Finishers, Inc.)*; 756 F.2d 1043, 1046-47 (4th Cir. 1985); *Summit Land Co. v. Allen (In re Summit Land Co.)*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (absent extraordinary circumstances, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course").

22. The Debtor has elected to reject the Lease pursuant to 11 U.S.C. § 365. The Debtor's decision to reject the Lease is supported by sound business judgment and should be approved.

23. From the beginning the Lease on or about December 1, 2011, to April 1, 2016, Yedang USA was in default under the terms of the lease, only periodically paying partial amounts due thereunder.

24. As of August 2014, Yedang USA was in default in payment of rent and CAM in the total amount of $173,015.59.

25. As a result of Yedang USA's continued default, before April 1, 2016, Cuzco USA exercised its right of re-entry under the Lease and took possession of the "Retail Shops" premises and is now collecting substantial rents from concessionaires.

26. The Debtor believes it would be beneficial for it to obtain an order rejecting the Lease (that it believes was terminated pre-petition) because such an order would provide the Debtor with certainty in its dealings with its new concessionaires. Additionally, because rejection of the Lease would eliminate any disruption to the new concessionaires' operations.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court grant the Motion, and enter an order: (a) approving the rejection of the Lease, effective as of the Petition Date, subject to, and without prejudice to, the Debtor's right to argue that the Lease was validly terminated or otherwise expired pre-petition, and/or the

//

//

//

Lease was unrecorded and void pursuant to 11 U.S.C. § 544(a), or other legal arguments; and (b) granting such other relief as the Court deems fair and just.

DATED: Honolulu, Hawaii, June 20, 2016.

/s/ Neil J. Verbrugge
CHUCK C. CHOI
NEIL J. VERBRUGGE
ALLISON A. ITO
Proposed Attorneys for Debtor and
Debtor-in-Possession