**Date Signed:**
**February 24, 2017**



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF HAWAII

In re

CUZCO DEVELOPMENT U.S.A., LLC,

     Debtor and
     Debtor-in-possession.

Case No.  16-00636
(Chapter 11)

Confirmation Hearing:

Date:   February 13, 2017
Time:  9:30 a.m.
Judge:  Hon. Robert J. Faris
[Relate to Docket  No. 369]

### FINDINGS OF FACT, CONCLUSIONS OF LAW UNDER 11 U.S.C. §§ 1126 AND 1129(a) CONFIRMING THIRD AMENDED CHAPTER 11 PLAN OF REORGANIZATION FOR DEBTOR DATED AS OF FEBRUARY 10, 2017

The hearing on confirming ("Confirmation Hearing") of the *Third Amended*

*Chapter 11 Plan of Reorganization for Debtor Dated as of February 10, 2017*
as amended pursuant to the confirmation order, the               RJF

("Plan"), filed by CUZCO DEVELOPMENT USA, LLC, the debtor and debtor-in-
∧

possession herein (the "Debtor"), as well as the hearings to estimate certain claims

and temporarily allow other claims as set forth below, commenced on February 13,

2017, at 9:30 a.m., before the Honorable Robert J. Faris, United States Bankruptcy

Judge for the District of Hawaii. Appearances were as noted in the record.

Having considered all of the pleadings and evidence filed in support of confirmation, all of the objections to confirmation of the Plan having been withdrawn or overruled, and based on the record in this case, the arguments and representations of counsel, and the Declarations of Kay Nakano and Dong Woo Lee, filed in support of the Plan, all of the attached exhibits to the foregoing declarations having been accepted into evidence, and good cause appearing, the Court now makes the following Findings of Fact and Conclusions of Law:

FINDINGS OF FACT

1.      On June 20, 2016 (the "Petition Date"), the Debtor filed a voluntary Chapter 11 petition under Title 11 of the United States Code, 11 U.S.C. §§ 101 - 1532 (the "Bankruptcy Code"), commencing a bankruptcy case before the United States Bankruptcy Court for the District of Hawaii (the "Bankruptcy Court"), designated as Case No. 16-00363 (the "Case").

**Approval of Disclosure Statement, Solicitation,
And Confirmation Hearing Notice**

2.      On December 13, 2016, the Debtor filed its *First Amended Plan of Reorganization dated as of December 5, 2016* ("First Amended Plan") and the First Ame nded Disclosure Statement to the First Amended Plan.

3.     On December 16, 2016, the Bankruptcy Court entered an *Order*

*Approving Disclosure Statement for Plan of Reorganization Dated As of December*

*5, 2016, Balloting Procedures and Scheduling Deadlines* ("Solicitation Order")

that, among other things, (a) approved the Disclosure Statement to the First

Amended Plan pursuant to Bankruptcy Code Section 1125 and Federal Rule of

Bankruptcy Procedure ("Rule") 3017, (b) established February 13, 2017, as the

date for the Confirmation Hearing, (c) approved the form and method of notice of

the Confirmation Hearing ("Confirmation Hearing Notice"), (d) established

procedures for soliciting and tabulating votes with respect to the Plan, and (e)

established procedures governing the Confirmation Hearing.

4.     In accordance with the Solicitation Order, the following items were

transmitted to creditors and parties in interest by the Debtor:  (a) the Disclosure

Statement, (b) the Confirmation Hearing Notice (as defined in the Solicitation

Order), and (c) with respect to those creditors in classes entitled to vote under the

Plan and the Solicitation Order, a Ballot (as defined in the Solicitation Order).  All

of said documents were transmitted by the Debtor to the appropriate parties on or

before December 19, 2016.  *See* Dkt. # 332.  Such service is adequate and proper

as provided by Bankruptcy Rule 3017(d), and no other or further notice is or shall

be required.

U.S. Bankruptcy Court - Hawaii   #16-00636   Dkt # 434   Filed  02/24/17   Page 3 of 26

5.      On December 13, 2016, the Debtor filed its *First Amended Plan of Reorganization dated as of December 5, 2016* ("First Amended Plan") and the First Amended Disclosure Statement to the First Amended Plan.  The First Amended Plan contained primarily typographical changes and also provided that NewCo shall be deemed a good faith purchaser within the meaning of Section 363(m) of the Bankruptcy Code.

6.      On December 29, 2016, the Debtor filed its *Second Amended Plan of Reorganization dated as of December 17, 2016* ("Second Amended Plan"), which altered the proposed treatment of Class 2 Secured Creditor, D-Day Capital, LLC ("D-Day").

7.      On January 17, 2017, the Debtor filed the *Declaration of Allison Ito Re Tabulation of Ballots In Support of Confirmation of Debtor's Second Amended Plan of Reorganization Dated as of December 17, 2016* attesting and certifying the method and results of the ballot tabulation for the Classes of Claims entitled to vote to accept or reject the Plan ("Ballot Tabulation").  *See* Dkt. # 368.

8.      On January 30, 2017, the State of Hawaii, Department of Taxation ("State"), filed *Objections to Confirmation of the Debtor's Second Amended Plan as of December 17, 2016* (the "State Objection").  *See* Dkt. #393.  The State Objection has been resolved by the Debtor's filing of its returns and amendments to the Plan.

U.S. Bankruptcy Court - Hawaii   #16-00636   Dkt # 434   Filed  02/24/17   Page 4 of 26

9.     On January 31, 2017, JCCHO HAWAII, LLC ("JCCHO") and Yedang Entertainment USA, Inc. ("Yedang") filed their [Joint] Objection to [Debtor's] Chapter 11 Plan (the "Joint Objection").  *See* Dkt. #395.

10.     On February 2, 2017, the Debtor filed its *Objection to Claim No. 37 filed by [Yedang]* ("Yedang Claim Objection").  *See* Dkt. #396.

11.     On February 7, 2017, Yedang filed its *Emergency Motion to Temporarily Allow Claim* ("Claim Allowance Motion"), together with a Motion to Shorten which the Bankruptcy Court granted to permit a hearing on the Yedang Allowance Motion to be held concurrently with the Confirmation Hearing. *See* Dkt. #415.

12.     On February 8, 2017, and February 13, 2017, respectively, D-Day filed its *First Joinder to Debtor's [Confirmation] Reply* and *Request for Judicial Notice*. *See* Dkt. ## 419, 426.

13.     The Debtor filed memoranda and declarations in support of Confirmation of the Plan and supporting documents and exhibits, including but not limited to its: (a) *Memorandum in Support of Confirmation of Debtor's Second Amended Chapter 11 Plan of Reorganization Dated December 17, 2016* and *Reply to Objections to Confirmation of Debtor's Plan, filed on February 6, 2017* and supporting declarations (collectively, "Confirmation Evidence") which

U.S. Bankruptcy Court - Hawaii   #16-00636   Dkt # 434   Filed  02/24/17   Page 5 of 26

Confirmation Evidence has been admitted into evidence without objection by any party.  *See* Dkt. ## 369, 409.

14.    On February 10, 2017, the Debtor filed its Opposition to Yedang's Claim Allowance Motion and also filed the *Third Amended Chapter 11 Plan of Reorganization for Debtor Dated as of February 10, 2017* (the "Plan").[1] *See* Dkt. #424, 425.

15.    This Bankruptcy Court takes judicial notice of the docket of this [main] Case and the JCCHO Adversary and Yedang Adversary, maintained by the Clerk of the Bankruptcy Court, including, without limitation, all pleadings and other documents filed, all orders entered, and evidence and argument made, proffered, or adduced at the hearings held before the Bankruptcy Court during the pendency of the Case and related adversary proceedings. The Debtor has the burden of proving the elements of Section 1129 of the Bankruptcy Code by a preponderance of evidence, and has done so as set forth herein.

16.    To the extent not resolved or withdrawn, any objections to the confirmation of the Plan are overruled in all respects, including the objections raised in the Joint Objection.

**Estimation of JCCHO/Yedang Counterclaims and Claim Allowance Motion**

---

1 Capitalized terms used herein shall have the same meaning as set forth in the Plan, unless otherwise noted.

U.S. Bankruptcy Court - Hawaii   #16-00636   Dkt # 434   Filed  02/24/17   Page 6 of 26

17.     On July 15, 2016, the Debtor commenced that certain adversary proceeding entitled *Cuzco Development USA, LLC v. JCCHO Hawaii, LLC*, Adv. Pro. No. 16-90031 ("JCCHO Adversary").

18.     On August 17, 2016, JCCHO asserted counterclaims (the "JCCHO Counterclaims") against the Debtor in the JCCHO Adversary.

19.     On October 24, 2016, JCCHO filed its Proof of Claim No. 36 in the amount of $18,708,214.32.

20.     On July 19, 2016, the Debtor commenced that certain adversary proceeding entitled *Cuzco Development USA, LLC v. Yedang Entertainment USA, Inc.*, Adv. Pro. No. 16-90032 ("Yedang Adversary").

21.     On August 19, 2016, Yedang asserted counterclaims (the "Yedang Counterclaims") against the Debtor in the Yedang Adversary.

22.     On October 24, 2016, Yedang USA filed its Proof of Claim No. 37 in the amount of $4,738,101.83 which is comprised of the following amounts:

    (a)     Supermarket Lease:  $2,700,000.00

    (b)     Retail Shops Lease:  $525,000.00  for early termination

    (c)     Loans:  $1,513,101.83 ("Yedang Loan Claim").

23.     On November 2, 2016, the Bankruptcy Court entered the *Stipulated Order Granting Cuzco Development U.S.A., LLC's Motion to Estimate*

U.S. Bankruptcy Court - Hawaii   #16-00636   Dkt # 434   Filed  02/24/17   Page 7 of 26

*Counterclaims Filed by JCCHO Hawaii, LLC in Adversary Proceeding No. 16-90031 for Plan Voting and Feasibility and for Entry of Scheduling Order* (the "JCCHO Scheduling Order"), and *Stipulated Order Granting Cuzco Development U.S.A., LLC's Motion to Estimate Counterclaims Filed by Yedang Entertainment USA, Inc. in Adversary Proceeding No. 16-90032 for Plan Voting and Feasibility and for Entry of Scheduling Order* (the "Yedang Scheduling Order") whereby the Bankruptcy Court scheduled a hearing to estimate the JCCHO Counterclaims and Yedang Counterclaims filed by JCCHO and Yedang concurrently with the Confirmation Hearing.

24. On January 9, 2017, JCCHO, Yedang and the Debtor filed their respective direct fact and expert declarations and exhibits (collectively, the "Estimation Direct Evidence"), including but not limited to the Declaration of JCCHO expert Shelly H. Tanaka of John Child & Company valuing JCCHO "master lease" at a range of $2,460,000 to $3,100,000 which Estimation Direct Evidence has been admitted into evidence without objection by any party.

25. On February 6, 2017, JCCHO, Yedang and the Debtor filed their respective rebuttal declarations and deposition transcript designations (collectively, the "Estimation Supplemental Evidence"), including but not limited to the (excerpts from) Deposition Transcripts of Shaun Kim, Jae Hyon Cho, Kay Nakano

U.S. Bankruptcy Court - Hawaii   #16-00636   Dkt # 434   Filed  02/24/17   Page 8 of 26

and Dong Woo Lee, which Estimation Supplemental Evidence has been admitted into evidence without objection by any party.

26.     Solely for Plan voting and feasibility purposes and no other purpose, the JCCHO Counterclaims are estimated in the amount of $3,100,000.00, which is based on the upper end of range of values given for the master lease in the JCCHO Expert Report.

27.     Solely for Plan voting and feasibility purposes and no other purpose, the Yedang Counterclaims are estimated in the amount of $525,000.00.

28.     In addition, the Yedang Claim Allowance Motion is hereby granted in to allow the Yedang Loan Claim (solely for Plan voting and feasibility purposes and no other purpose) in the total amount of $1,755,093.85, consisting of $1,393,705.00 of principal and $361,388.85 of interest.

29.     The Keeaumoku Property is worth at least $45 million.   Therefore, there is sufficient equity in the Keeaumoku Property to ensure payment of all Allowed Claims in full, inclusive of the estimated and/or temporarily allowed claims of JCCHO and Yedang.

**Bankruptcy Code Requirements for Confirmation and Classification**

30.     In addition to Administrative Claims and Priority Tax Claims, which need not be classified, the Plan designates 6 Classes of Claims and one Class of Equity Interests.   The Claims and Equity Interests placed in each Class are

U.S. Bankruptcy Court - Hawaii   #16-00636   Dkt # 434   Filed  02/24/17   Page 9 of 26

substantially similar to other Claims and Equity Interests, as the case may be, in each such Class. Valid business, factual, and legal reasons exist for separately classifying the various classes of Claims and Equity Interests created under the Plan. Accordingly, Sections 1122 and 1123(a)(1) of the Bankruptcy Code are satisfied.

31. The Plan specifies that Class 1 is not impaired under the Plan, thereby satisfying Section 1123(a)(2) of the Bankruptcy code. Said Class is deemed to have accepted the Plan because it is not impaired under the Plan.

32. The Plan designates that Classes 2, 3, 4, 5, and 6 are impaired and specifies the treatment of Claims and Equity Interests in those Classes, thereby satisfying Section 1123(a)(3) of the Bankruptcy Code.

33. The Equity Interests in the Debtor held by Cuzco Korea (Class 7) will be extinguished under the Plan. Class 7 is deemed to have rejected the Plan, pursuant to Section 1126(g) of the Bankruptcy Code. Cuzco Korea has not appeared or participated in this Case even though it has received notice of the Case.

34. Votes to accept and reject the Plan have been solicited from creditors holding Claims in Classes 2, 3, 4 and 5. Such votes were solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code, the

U.S. Bankruptcy Court - Hawaii  #16-00636  Dkt # 434  Filed 02/24/17  Page 10 of 26

Bankruptcy Rules, the Solicitation Order, and past practice before the Bankruptcy Court.

35.     As set forth in the Ballot Tabulation, Classes 2, 3, and 4 voted to accept the Plan, pursuant to Section 1126(c) of the Bankruptcy Code.

36.     Class 5 has voted to reject the Plan based upon the rejecting votes of JCCHO and Yedang (as estimated and/or temporarily allowed herein) because, at the time that JCCHO and Yedang cast their ballots rejecting the Plan, they were not "insiders" of the Debtor as defined in Section 101(31) of the Bankruptcy Code.

37.     No votes were received for Class 6.

### Treatment of Secured Claims

38.     The Holders of Allowed Secured Claims (Classes 2 and 3) will receive at least as much as they would receive in a case under chapter 7 with respect to their Allowed Secured Claims.  Each of the Secured Classes voted in favor of the Plan.

### Treatment of Unsecured and Subordinated Claims

39.     The Holders of Allowed General Unsecured Claims (Classes 5, and 6) will receive as much as they would receive in a case under chapter 7, because if the assets of the Debtor were liquidated outright, said Classes would be paid in full. As a result, holders of Allowed Classes 5, and 6 Claims will receive as much as

U.S. Bankruptcy Court - Hawaii   #16-00636   Dkt # 434   Filed 02/24/17   Page 11 of 26

they would receive if the Debtor's case was converted to a case under chapter 7. Holders of Class 4, the Convenience Class, will receive 100% of their Allowed Claim, as much as they would receive in a chapter 7 liquidation.

## Equity Interests

40.     Allowed Equity Interests in Class 7 will not receive any consideration and will not retain its Equity Interests under the Plan.

41.     The Plan provides for the same treatment for each Claim or Equity Interest in each respective Class, unless the holder of a particular Claim or Equity Interest has agreed to a less favorable treatment of such Claim or Equity Interest, thereby satisfying Section 1123(a)(4) of the Bankruptcy Code.

## Means of Implementation

42.     The Plan provides adequate and proper means for its implementation.

43.     The Plan is funded by, among other things, contribution of $5 million by NewCo Shareholder in exchange for 100% of NewCo Shares.

44.      The Debtor has demonstrated adequate assurance of future performance with respect to the assumed executory contracts.  No party to an executory contract has objected to the Plan or the assumption of any executory contract.

45.     The Debtor exercised sound and considered business judgment in the formulation of the Plan.  The Debtor has demonstrated sound business purpose and

U.S. Bankruptcy Court - Hawaii   #16-00636   Dkt # 434   Filed  02/24/17   Page 12 of 26

justification for the Plan including, without limitation, the domestication of NewCo.

46.    The Plan was negotiated, proposed and entered into by the Debtor without collusion, in good faith, and from arm's-length bargaining positions.

47.    All of the Debtor's assets including but not limited to the Keeaumoku Property may be transferred to NewCo free and clear of any interest therein because Section 363(f)(1) and (4) of the Bankruptcy Code have been satisfied insofar as Secured Creditors D-Day and the City and County of Honolulu have consented to the Plan (and the transfers contemplated therein).

48.    NewCo is a good faith purchaser of the Debtor's assets under Section 363(m) of the Bankruptcy Code.

49.    All fees payable under Section 1930 of title 28, United States Code, as determined by the Bankruptcy Code, have been paid or will be paid pursuant to the Plan, thus satisfying the requirements of Section 1129(a)(12) of the Bankruptcy Code.

50.    The Plan therefore satisfies Section 1123(a)(5) of the Bankruptcy Code.

51.    Any finding of fact subsequently determined to be a conclusion of law shall be deemed a conclusion of law.

## CONCLUSIONS OF LAW

U.S. Bankruptcy Court - Hawaii   #16-00636   Dkt # 434   Filed  02/24/17   Page 13 of 26

## Jurisdiction and Venue

1.      This proceeding is a core proceeding pursuant to 28 U.S.C.

§ 157(b)(2).

2.      This Bankruptcy Court has jurisdiction over the Case, pursuant to

Sections 157 and 1334 of title 28 of the United States Code.  Venue is proper

pursuant to Sections 1408 and 1409 of title 28 of the United States Code.

Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. §

157(b)(2)(L), and this Bankruptcy Court has exclusive jurisdiction to determine

whether the Plan complies with the applicable provisions of the Bankruptcy Code

and should be confirmed and have exclusive jurisdiction over all of the Debtor's

assets.

## Confirmation Requirements (Section 1129(a)(1))

3.      The Plan complies with the applicable provisions of the Bankruptcy

Code, thereby satisfying Section 1129(a) of the Bankruptcy Code.

(a)      The Plan properly places substantially similar claims in each class and

designated such classes of claims, thereby satisfying Sections 1122 and

1123(a)(1) of the Bankruptcy Code;

(b)      The Plan specifies the treatment of each Class that is not impaired,

thereby satisfying Section 1123(a)(2);

U.S. Bankruptcy Court - Hawaii   #16-00636   Dkt # 434   Filed  02/24/17   Page 14 of 26

(c)     The Plan specifies the treatment of each Class that is impaired, thereby satisfying Section 1123(a)(3);

(d)     The Plan provides for the same treatment for each claim or interest in a particular Class, unless the holder thereof agrees to a less favorable treatment, thereby satisfying Section 1123(a)(4);

(e)     The Plan and the Plan Supplement include the funding of NewCo by a $5 million contribution by NewCo Shareholder, ongoing operations of the Keeaumoku Property, and the refinancing of the Keeaumoku Property and the execution of all documents and the implementation of all actions as required with respect to and in accordance with the Plan provisions, thereby satisfying Section 1123(a)(5);

(f)     Section 1123(a)(6) does not apply to the Debtor on the Plan;

(g)     The Debtor has disclosed the identity of the manager of the NewCo, consistent with the interests of creditors, equity holders, and public policy in accordance with Section 1123(a)(7);

(h)     The Plan's provisions are appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code; and

(i)     The Plan is dated and identifies the entity submitting it as proponent, thereby satisfying Bankruptcy Rule 3016(a).

**Section 1129(a)(2)**

U.S. Bankruptcy Court - Hawaii   #16-00636   Dkt # 434   Filed  02/24/17   Page 15 of 26

4. The Debtor has complied with the applicable provisions of the Bankruptcy Code, thereby satisfying Section 1129(a)(2) of the Bankruptcy Code.

(a) The Debtor is a proper debtor under Section 109 of the Bankruptcy Code;

(b) The Debtor has complied with applicable provisions of the Bankruptcy Code, except as otherwise provided or permitted by orders of the Bankruptcy Court; and

(c) The Debtor has complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Solicitation Order in transmitting the Plan, the Disclosure Statement, the Ballots, and related documents and notices and in soliciting and tabulating votes on the Plan.

### Section 1129(a)(3)

5. The Debtor has proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying Section 1129(a)(3) of the Bankruptcy Code.

6. In determining that the Plan was proposed in good faith, the Court has examined the totality of the circumstances surrounding the formulation of the Plan, including but not limited to the Declarations of Dong Woo Lee and the transcript of Mr. Lee's interpreted deposition.

U.S. Bankruptcy Court - Hawaii   #16-00636   Dkt # 434   Filed  02/24/17   Page 16 of 26

7. The good faith of the Debtor is evident from the facts and records of this Case, the Disclosure Statement and the hearings thereon, and the record of the Confirmation Hearing and other proceedings held in this Case.

8. The Plan was proposed with the legitimate and honest purpose of maximizing the value of the Debtor's Estate, to effectuate a successful reorganization of the Debtor and to treat creditors fairly in accordance with their legal entitlements.

9. All objections to the Debtor's good faith in proposing the Plan are hereby overruled.

10. The injunctive provisions of the Plan and the Confirmation Order implement the Debtor's discharge. Moreover, the Plan provides a mechanism for parties in this Case to seek relief from the injunction.

**Section 1129(a)(4)**

11. Any payment made or to be made by the Debtor for services or for costs and expenses in or in connection with this Chapter 11 Case, or in connection with the Plan and incident to the Debtor's chapter 11 Case, have been approved by, or is subject to the approval of, the Bankruptcy Court as reasonable, thereby satisfying Section 1129(a)(4).

U.S. Bankruptcy Court - Hawaii   #16-00636   Dkt # 434   Filed  02/24/17   Page 17 of 26

## Section 1129(a)(5)

12.     The Debtor has complied with Section 1129(a)(5) of the Bankruptcy Code.  The identity of the individual who will serve as manager of NewCo as of the Effective Date has been fully disclosed.  The appointment to, or continuance in, such offices of such person is consistent with the interests of holders of Claims against and Equity Interests in the Debtor and with public policy.  The identity of any insider that will be employed or retained by NewCo after the Effective Date and the nature of such insider's compensation have also been fully disclosed.

## Section 1129(a)(6)

13.     The Plan does not provide for any changes in rates established or approved by or otherwise subject to, any governmental regulatory commission but Section 1129(a)(6) of the Bankruptcy Code is not applicable.

## Section 1129(a)(7)

14.     The Plan satisfies Section 1129(a)(7) of the Bankruptcy Code. The liquidation analyses provided in the Disclosure Statement as amended (a) are persuasive and credible, (b) have not been controverted by other evidence, and (c) establish that each holder of a Claim in an impaired Class either has accepted the Plan or will receive or retain under the Plan, on account of such Claim property of a value, as of the Effective Date, that is not less than the amount that Holder would receive or retain if each Debtor was liquidated under chapter 7 of the

U.S. Bankruptcy Court - Hawaii   #16-00636   Dkt # 434   Filed  02/24/17   Page 18 of 26

Bankruptcy Code on such date. Had this Case been one under Chapter 7 of the Code, the holders of allowed claims would have received a payment, potentially a little early than under the Plan. The delay in receipt of payment under the Plan (as compared to a potential distribution under a chapter 7 liquidation) is relatively short.

## Section 1129(a)(8)

15. Class 1 is conclusively presumed to have accepted the Plan under Section 1126(f) of the Bankruptcy Code. Classes 2, 3, and 4 are impaired and have voted to accept the Plan in accordance with Section 1126(d) of the Bankruptcy Code. Because Class 5 is impaired and have rejected the Plan such that Section 1129(a)(8) of the Bankruptcy Code is not satisfied and confirmation over the nonaccepting Class is pursuant to Section 1129(b) of the Bankruptcy Code, as concluded below.

## Section 1129(a)(9)

16. The treatment of Administrative Claims and Priority Tax Claims under the Plan satisfies the requirements of Bankruptcy Code Section 1129(a)(9).

## Section 1129(a)(10)

17. At least one Class of Claims against the Debtor that is impaired under the Plan has accepted the Plan, determined without including any acceptance of the

U.S. Bankruptcy Court - Hawaii   #16-00636   Dkt # 434   Filed 02/24/17   Page 19 of 26

Plan by an insider, thus satisfying the requirements of Section 1129(a)(10) of the Bankruptcy Code.  Classes 2, 3, and 4 satisfy this requirement.

## Section 1129(a)(11)

18.     The evidence proffered, adduced, or presented prior to and at the Confirmation Hearing (a) is persuasive and credible, and (b) establishes that confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor, thus satisfying the requirements of Section 1129(a)(11) of the Bankruptcy Code.

19.     In order to satisfy Bankruptcy Code Section 1129(a)(11), the Debtor need not prove that there is an absolute certainty that the conditions to confirmation will be met.  On the contrary, the Debtor need only show that the Plan offers a reasonable assurance of success.  The Plan has the requisite level of likelihood of success because the Plan provides for a prompt refinance, and if necessary, an auction of the Keeaumoku Property.

## Section 1129(a)(12)

20.     All fees payable under Section 1930 of title 28, United States Code, as determined by the Bankruptcy Court, have been paid or will be paid pursuant to the Plan, the terms of which are satisfactory to the Debtor and the United States Trustee, thus satisfying the requirements of Section 1129(a)(12) of the Bankruptcy Code.

U.S. Bankruptcy Court - Hawaii   #16-00636   Dkt # 434   Filed 02/24/17   Page 20 of 26

## Section 1129(a)(13)

21.     Bankruptcy Code Section 1129(a)(13), which requires a plan to provide for the continuation of payment of all "retiree benefits" (as defined in Bankruptcy Code Section 1114(a)), is inapplicable in the instant case as the Debtor does not have any such obligations.

## Section 1129(b)

22.     Based upon the evidence proffered, adduced, or presented at the Confirmation Hearing by the Debtor prior to and at the Confirmation Hearing, the Plan does not discriminate unfairly and is fair and equitable with respect to each rejecting Class, as required by Section 1129(b)(1) of the Bankruptcy Code.

23.     The Plan is fair and equitable and can be crammed down over the dissenting vote of Class 5 under Section 1129(b)(2)(B)(i) of the Bankruptcy Code in that the Plan provides for payment in full of Allowed Claims of Holders of General Unsecured Claims in Class 5.

24.     Since Section 1129(b)(1) of the Code is satisfied, Section 1129(b)(2) need not be addressed.

25.     Upon confirmation and the occurrence of the Effective Date, the Plan shall be binding upon the members of each rejecting Class.

U.S. Bankruptcy Court - Hawaii   #16-00636   Dkt # 434   Filed 02/24/17   Page 21 of 26

## Other Matters

26.    The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933. No governmental agency with standing to raise an objection pursuant to Bankruptcy Code Section 1129(d) has, in fact, raised any such objection. This is strong evidence that the principal purpose of the Plan is not tax avoidance.

27.    All modifications to the Plan filed or announced prior to the conclusion of the Confirmation Hearing constitute technical changes and/or changes that have either been consented to by affected constituents or which do not require additional disclosure under Bankruptcy Code Sections 1125 or 1127(a), or re-solicitation of votes under Bankruptcy Code Section 1126, nor do they require that holders of Claims or Equity Interests be afforded an opportunity to change previously cast acceptances or rejections of the Plan. The modification does not adversely change the treatment for the accepting Classes. Therefore, the acceptances of the accepting Classes are deemed to apply to the modification. Additional notice under Bankruptcy Rule 3019(a) is not required.

28.    Based on the record before the Bankruptcy Court in this Case, the Debtor and its respective employees, officers, members, directors, agents, shareholders, and representatives, and any professional persons employed or formerly employed by any of them, have acted in "good faith" within the meaning

U.S. Bankruptcy Court - Hawaii   #16-00636   Dkt # 434   Filed 02/24/17   Page 22 of 26

of Bankruptcy Code Section 1125(e) in compliance with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules in connection with all their respective activities relating to the solicitation of acceptances to the Plan and their participation in the activities described in Section 1125 of the Bankruptcy Code, and are entitled to the protections afforded by Section 1125(e) of the Bankruptcy Code.

29.     Article VII of the Plan governing the assumption and rejection of executory contracts and unexpired leases satisfies the requirements of Sections 365 and 1123(b)(2) of the Bankruptcy code, including the requirement that adequate assurance of future performance under the Assumed Executory Contracts will be provided.

30.     The release, injunction, and exculpation provisions contained in the Plan are fair and equitable, are given for valuable consideration, were properly noticed to holders of Claims and Equity Interests and other interested parties in accordance with the requirements of due process and the applicable provisions of the Bankruptcy Code and Bankruptcy Rules, and are in the best interests of the Debtor and its Estate.

31.     Each term and provision of the Plan is valid and enforceable pursuant to its terms.

U.S. Bankruptcy Court - Hawaii   #16-00636   Dkt # 434   Filed 02/24/17   Page 23 of 26

32.     The Plan satisfies the requirements for confirmation set forth in the Sections 1126 and 1129 of Bankruptcy Code.

33.     The Debtor has satisfied the requirements of Bankruptcy Code Section 365(b)(1) in connection with the assumption of the Assumed Executory Contracts.  Each of the Assumed Executory Contracts is an executory contract or an unexpired lease of the Debtor under Bankruptcy Code Section 365.  All conditions under Bankruptcy code Section 365 for the assumption by the Debtor of each Assumed Executory Contract to which it is a party have been satisfied.

34.     The Bankruptcy Court may properly retain jurisdiction over the matters set forth in Section 11.1 of the Plan and Bankruptcy Code Section 1142.  It is appropriate for this Court to retain jurisdiction to:  (a) enforce and implement the terms and provisions of the Plan; (b) enforce the Assumed Executory Contracts; and (c) resolve any disputes arising under or related to the Plan.

35.     Pursuant to Bankruptcy Code Section 1146(c): (a) the issuance, transfer, or exchange of notes or equity securities under the Plan; or (b) the creation of any mortgage or other security interest in furtherance of, or in connection with, the Plan shall not be subject to any stamp tax, recording tax, conveyance tax, personal property transfer tax, real estate transfer tax, sales or use tax, or other similar tax.

U.S. Bankruptcy Court - Hawaii   #16-00636   Dkt # 434   Filed 02/24/17   Page 24 of 26

36.     Any conclusion of law later determined to be a finding of fact shall be deemed a finding of fact.

37.     Based on the foregoing findings and conclusions, it is appropriate for the Court to enter the Confirmation Order.

**END OF FINDINGS OF FACT AND CONCLUSIONS OF LAW**

APPROVED AS TO FORM:


/s/ Cynthia M. Johiro
CYNTHIA M. JOHIRO
Attorney for State of Hawaii, Department of Taxation


/s/ Christopher J. Muzzi
CHRISTOPHER J. MUZZI
Attorney for JCCHO HAWAII, LLC and
YEDANG ENTERTAINMENT USA, INC.


/s/ Ronald Richards
RONALD RICHARDS
TED N. PETTIT
Attorney for D-DAY CAPITAL, LLC


Submitted by:

CHOI & ITO
CHUCK C. CHOI
ALLISON A. ITO
745 Fort Street, Suite 1900
Honolulu, Hawaii 96813
Telephone: (808) 533-1877
Facsimile: (808) 566-6900

U.S. Bankruptcy Court - Hawaii   #16-00636   Dkt # 434   Filed 02/24/17   Page 25 of 26

E-Mail:  cchoi@hibklaw.com;
aito@hibklaw.com
Attorneys for Debtor and Debtor-in-Possession