**Date Signed:**
**July 10, 2017**



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF HAWAII

In re

CUZCO DEVELOPMENT U.S.A., LLC,

          Reorganized Debtor.

Case No.  16-00636
(Chapter 11)

Confirmation Hearing:

Date:    June 7, 2017
Time:   9:30 a.m.
Judge:  Hon. Robert J. Faris
[Relate to Docket ## 593, 595]

### FINDINGS OF FACT, CONCLUSIONS OF LAW UNDER 11 U.S.C. §§ 1126, 1127 AND 1129(a) GRANTING MOTION TO MODIFY CONFIRMED PLAN AND CONFIRMING FOURTH AMENDED CHAPTER 11 PLAN OF REORGANIZATION FOR DEBTOR DATED AS OF MAY 16, 2017

The hearing on confirmation ("Confirmation Hearing") of the *Fourth Amended Chapter 11 Plan of Reorganization for Debtor Dated as of May 16, 2017* (the "Fourth Amended Plan");[1] pursuant to the *Motion of Reorganized Debtor to Modify Confirmed Plan of Reorganization* ("Plan Modification Motion"), filed by CUZCO DEVELOPMENT USA, LLC, the reorganized debtor herein (the

---

1 Capitalized terms used herein shall have the meaning given in the Plan unless otherwise noted.

"Debtor"), commenced on June 7, 2017, at 9:30 a.m., before the Honorable Robert J. Faris, United States Bankruptcy Judge for the District of Hawaii. Appearances were noted in the record.

Having considered all of the pleadings and evidence filed in support of the Plan Modification Motion and Fourth Amended Plan, all of the objections to confirmation of the Fourth Amended Plan having been overruled, and based on the record in this case, the arguments and representations of counsel, and good cause appearing, the Court now makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1.     On June 20, 2016 (the "Petition Date"), the Debtor filed a voluntary Chapter 11 petition under Title 11 of the United States Code, 11 U.S.C. §§ 101 - 1532 (the "Code")[2], commencing a bankruptcy case before the United States Bankruptcy Court for the District of Hawaii (the "Bankruptcy Court"), designated as Case No. 16-00363 (the "Case").

### Procedural History

2.     On February 10, 2017, the Debtor filed its *Third Amended Chapter 11 Plan of Reorganization for Debtor Dated as of February 10, 2017* (the "Third Amended Plan"). *See* dkt. #425.

---

2 Unless specifically stated otherwise, all references to "Sections" refer to sections of the U.S. Bankruptcy Code.

U.S. Bankruptcy Court - Hawaii   #16-00636   Dkt # 653   Filed 07/10/17   Page 2 of 25

3.      At a hearing held on February 13, 2017, the Court confirmed the Third Amended Plan.  In doing so, the Court overruled the confirmation objections of JCCHO Hawaii, LLC ("JCCHO") and Yedang Entertainment USA, Inc. ("Yedang") and estimated their claims at $3,100,000.00 and $2,280,093.85, respectively.  *See* dkt # 435 *Order Confirming [Third Amended Plan]* ("Confirmation Order") at 2; *see also* dkt #434, *Findings of Fact and Conclusions of Law* at 9.

4.      On March 9, 2017, purported party in interest Tera Resource Co., Ltd. ("Tera") filed its *Motion for Reconsideration of Order Confirming Debtor's Third Amended Plan of Reorganization* (the "Tera Reconsideration Motion").  *See* dkt. # 441.

5.      On March 10, 2010, Miel USA, Inc. ("Miel") filed its *Motion to Reconsider [Confirmation Order]* (the "Miel Reconsideration Motion").  *See* dkt. # 449.  Miel has since withdrawn the Miel Reconsideration Motion.  *See* dkt # 628.

6.      On March 10, 2017, USTC HI, Inc. ("USTC") filed its *Motion to Reconsider [Confirmation Order]* (the "USTC Reconsideration Motion").  *See* dkt. # 450.  The USTC Reconsideration Motion was continued to the same hearing date as the Motion.  USTC did not appear at the hearing on the Motion, and the USTC Reconsideration Motion was denied as moot.

U.S. Bankruptcy Court - Hawaii   #16-00636   Dkt # 653   Filed  07/10/17   Page 3 of 25

7.     On March 10, 2017, JCCHO and Yedang filed their *Motion to Reconsider [Confirmation Order]* (the "JCCHO/Yedang Reconsideration Motion"). *See* dkt. # 455.

8.     On March 10, 2017, Asahi Grill Keeaumoku LLC ("Asahi Grill") filed its *Motion for Reconsideration and Amendment of [Confirmation Order]* (the "Asahi Grill Reconsideration Motion"). *See* dkt. # 456.

9.     The Effective Date under the Third Amended Plan occurred on March 13, 2017. *See* dkt. # 468.

10.     On March 25, 2017, Tera filed an Errata to the Tera Reconsideration Motion. *See* dkt. # 474.

11.     On March 28, 2017, the Debtor and D-Day filed their *Joint Oppositions to [the JCCHO/Yedang Reconsideration Motion]* and *Joint Opposition to [the Tera Reconsideration Motion]*. *See* dkt. ## 484, 486.

12.     On March 28, 2017, the Debtor filed its Oppositions to: (a) the Asahi Grill Reconsideration Motion; (b) Miel Reconsideration Motion; and (c) the USTC Reconsideration Motion. *See* dkt. ## 482, 487, 488.

13.     On April 4, 2017, Tera filed a *Reply Memorandum to [the Joint Opposition to the Tera Reconsideration Motion]*. *See* dkt. #507.

14.      On April 4, 2017, JCCHO and Yedang filed a *Reply to [the Joint Opposition to the JCCHO/Yedang Reconsideration Motion]*. *See* dkt. #509.

4

15. On April 10, 2017, Tera filed Supplemental Citations to the Record. *See* dkt. #517.

16. At a hearing conducted on April 11, 2017, the Court denied the Asahi Grill Reconsideration Motion and the JCCHO/Yedang Reconsideration Motion. *See* dkt. ## 536, 537. The Court also issued a Temporary Restraining Order ("TRO") enjoining the Debtor from transferring the Keeaumoku Property to NewCo pursuant to the Third Amended Plan and the Confirmation Order. The TRO by its terms was to expire April 25, 2017. *See* dkt # 521.

17. On April 17, 2017, the Court issued an order on the Tera Reconsideration Motion entitled, *Order on Tera Resource Co., Ltd.'s Motion to Alter or Amend Plan Confirmation Order* (the "Tera Reconsideration Order) in which the Court held that, as shareholder and creditor of Cuzco Korea, Tera was not a "party in interest" entitled to receive notice or participate in the Debtor's chapter 11 case when the Third Amended Plan was confirmed. *See* dkt. # 533 at 4 ("Tera was not a creditor of Cuzco Hawaii when notice of the plan confirmation hearing was sent, and was not entitled to participate in Cuzco Hawaii's case until the plan was confirmed.").

18. In the Tera Reconsideration Order, the Court also determined that the Confirmation Order should be:

> amended as necessary to clarify that nothing in that order
> or in the plan affects any rights, claims, or remedies of

U.S. Bankruptcy Court - Hawaii   #16-00636   Dkt # 653   Filed   07/10/17   Page 5 of 25

Cuzco Korea or its creditors or stockholders against (a) one another or (b) any of Cuzco Korea's officers or directors or their affiliates. For example, and without limitation, the confirmation order and the plan should not prevent Cuzco Korea (or any of its shareholders or creditors who have standing) from asserting that Cuzco Korea is the rightful owner of the assets that Mr. Lee and his new company will acquire from Cuzco Hawaii under the plan."

*Id.* at 5-6.

19.     On April 24, 2017, the Debtor filed a *Supplemental Memorandum re: Sale of Property Free and Clear of Alleged Leasehold Interests* (the "Supplemental 363(f) Memo"). *See* dkt. #550. This Supplemental 363(f) Memo responded to the reconsideration motions filed by Miel, USTC, JCCHO, Yedang, and Asahi Grill.

20.     On April 24, 2017, Tera commenced an adversary proceeding entitled *Tera Resource Co., Ltd., et al. v. Dong Woo Lee, et al.*, Adversary Proceeding No. 17-90009 (the "Tera Adversary").   In its First Amended Verified Complaint filed on May 2, 2017, as docket # 7 in the Tera Adversary, Tera alleges that it brought the Tera Adversary "for itself and derivatively on behalf of Cuzco Korea to enforce rights that Cuzco Korea may properly assert, but that it has failed to enforce."

21.     On April 24, 2017, Tera filed its *Motion for Preliminary Injunction* ("Injunction Motion") both in the main case and in the Tera Adversary seeking a preliminary injunction against the transfer of the Keeaumoku Property from the Debtor to NewCo pursuant to the Third Amended Plan.  *See* dkt. #556; dkt. #6 in

6

the Tera Adversary.  Concurrently therewith, Tera filed an *Ex Parte Motion for Extension of Temporary Restraining Order* ("TRO Extension Motion") seeking an extension of the TRO to May 9, 2017.  *See* dkt. #547 at 6.

24.     On April 25, 2017, the Debtor and D-Day filed their *Joint Opposition to [the TRO Extension Motion]*.  *See* dkt. # 552.

23.     At a hearing held on April 25, 2017, the Court granted the Injunction Motion and extended the TRO through May 9, 2017.  *See* dkt. # 564.

24.     On May 1 and 2, 2017, respectively, Miel and USTC filed *Oppositions to [the Supplemental 363(f) Memo]*.  *See* dkt. ## 560, 561.

25.     On May 5, 2017, Tera filed its Position Statement re Revision to Confirmation Order and the Debtor and D-Day filed their *Proposed Amendments to Confirmation Order*.  *See* dkt. ## 574 and 575.

26.     On May 8, 2017, the Court held a further hearing on the Tera Reconsideration Motion. The Court took the matter under advisement.  *See* dkt. # 579.

27.     On May 9, 2017, in the *Joint Opposition to [Injunction Motion]*, filed jointly with D-Day, the Debtor stated that it would most likely amend the Third Amended Plan to allow Cuzco Korea to retain its equity in the Debtor.  *See* dkt. # 581 at 5.  Also, the Debtor filed its *Reply to Oppositions to [the Supplemental 363(f) Memo]*.  *See* dkt. # 583.

U.S. Bankruptcy Court - Hawaii   #16-00636   Dkt # 653   Filed  07/10/17   Page 7 of 25

28.     On May 10, 2017, Tera filed its *Reply Memo on Motion for Preliminary Injunction*. *See* dkt. # 585.

29.     At a further hearing on the Injunction Motions and Reconsideration Motion held on May 11, 2017, the Court set briefing deadlines for filing: (a) the Plan Modification Motion by the Debtor; (b) an amended motion to dismiss the first amended complaint in the Tera Adversary; and (c) a motion to intervene. *See* dkt. # 588.

30.     On May 11, 2017, Tera filed a proof of administrative claim in the amount of $15,309,638.68, purportedly on behalf of Cuzco Korea (the "Tera Administrative Claim") for "Loss of equity in Cuzco Korea" in the amount of $15,000,000.00 and "Attorneys' Fees and Related Expenses" in the amount of $309,638.68. *See* Proof of Claim # 39.

31.     On May 16, 2017, the Debtor filed the Plan Modification Motion, the Fourth Amended Plan, and a notice of the Plan Modification Motion. *See* dkt. ## 593, 595 and 596.

32.     The Debtor served the Notice of the Plan Modification Motion which describes the proposed amendments to the Third Amended Plan on creditors and parties in interest. *See* dkt. # 605.

33.     The Fourth Amended Plan contains the following material changes to the Third Amended Plan:

U.S. Bankruptcy Court - Hawaii   #16-00636   Dkt # 653   Filed  07/10/17   Page 8 of 25

(a)     Cuzco Korea will retain its equity interest in the Debtor;

(b)     The Keeaumoku Property will not be transferred to NewCo (and NewCo will not assume the Plan liabilities);

(c)     The NewCo "contribution" is converted to the NewCo Loan which:

(i)     shall be entitled to super-priority administrative expense priority under Section 364(c)(1) ; and

(ii)     will bear no interest if paid by the Refinance Deadline and 10% thereafter.

34.     On May 22, 2017, the Court conducted a Status Conference on various issues, including Tera's request to conduct discovery in connection with the Fourth Amended Plan and in the Tera Adversary. *See* dkt # 609.

35.     On May 23, 2017, the Court entered a *Stipulated Order re Extension of Temporary Restraining Order*, extending the TRO to July 31, 2017. *See* dkt # 610.

36.     On May 23, 2017, the Court issued its oral ruling on Tera's request for discovery. The Court permitted Tera to conduct limited discovery solely related to the Fourth Amended Plan and denied Tera's request to conduct expedited discovery in the Tera Adversary prior to the scheduling conference.

9

37. On May 30, 2017, JCCHO, Yedang, and Tera filed their respective Oppositions to the Plan Modification Motion. *See* dkt ## 618 and 619.

38. On June 5, 2017, the Debtor filed: (a) its Reply to the JCCHO and Yedang Opposition to the Plan Modification Motion; and (b) jointly with D-Day filed a reply to Tera's opposition to the Plan Modification Motion. *See* dkt ## 630 and 631.

## Code Requirements for Modification, Confirmation and Classification

39. The transfers of property contemplated by the Third Amended Plan have not taken place.

40. The Debtor demonstrated that circumstances warrant the modification of the Third Amended Plan in accordance with the Plan Modification Motion. These circumstances include, among other things, the various motions for reconsideration of the order confirming the Third Amended Plan.

41. In addition to the Administrative Claims (including the NewCo Loan) and Priority Tax Claims, which need not be classified, the Fourth Amended Plan designates six Classes of Claims and one Class of Equity Interests. The Claims and Equity Interests placed in each Class are substantially similar to other Claims and Equity Interests, as the case may be, in each such Class. Valid business, factual, and legal reasons exist for separately classifying the various classes of Claims and Equity Interests created under the Fourth Amended Plan.

U.S. Bankruptcy Court - Hawaii   #16-00636   Dkt # 653   Filed 07/10/17   Page 10 of 25

42.     The Fourth Amended Plan provides for the same treatment for each Claim or Equity Interest in each respective Class, unless the holder of a particular Claim or Equity Interest has agreed to a less favorable treatment of such Claim or Equity Interest.

43.     The Fourth Amended Plan does not alter the legal, equitable, and contractual rights of claims in Class 1.

44.     The Fourth Amended Plan alters the legal, equitable, or contractual rights of claims in Classes 2, 3, 4, 5, and 6. Therefore, those Classes are impaired within the meaning of Section 1124. The Fourth Amended Plan specifies the treatment of Claims and Equity Interests in those Classes.

45.     The Fourth Amended Plan does not alter the legal, equitable, or contractual rights of the Equity Interests in the Debtor held by Cuzco Korea (Class 7).

**Treatment of Secured Claims**

46.     The Holders of Allowed Secured Claims (Classes 2 and 3) will receive at least as much as they would receive in a case under chapter 7 with respect to their Allowed Secured Claims.  Each of the Secured Classes voted in favor of the Third Amended Plan.

47.     The payment of a three percent refinancing loan fee (the "Fee") paid by the Debtor to D-Day in accordance with the Third Amended Plan was

U.S. Bankruptcy Court - Hawaii   #16-00636   Dkt # 653   Filed 07/10/17   Page 11 of 25

reasonable in connection with the Third Amended Plan and is reasonable in connection with the Fourth Amended Plan. D-Day's reliance on the Confirmation Order was reasonable and should not be disrupted. Consequently, the Debtor's proposed treatment of D-Day under the Fourth Amended Plan should remain the same as under the Third Amended Plan, and the Fourth Amended Plan so provides.

### Treatment of Unsecured and Subordinated Claims

48. The Holders of Allowed General Unsecured Claims (Classes 5 and 6) will receive as much as they would receive in a case under chapter 7. If the assets of the Debtor were liquidated outright, said Classes would be paid in full, and the Fourth Amended Plan also provides for the full payment of all allowed claims in those classes. Holders of Class 4, the Convenience Class, will receive 100% of their Allowed Claim, as much as they would receive in a chapter 7 liquidation.

### Equity Interests

49. Cuzco Korea, the sole member of the Debtor, will retain its Class 7 Equity Interests under the Fourth Amended Plan.

### Means of Implementation

50. The Fourth Amended Plan provides adequate and proper means for its implementation, including the NewCo Loan, the Debtor's attempt to refinance, and the auction process that will occur if the refinancing fails.

U.S. Bankruptcy Court - Hawaii   #16-00636   Dkt # 653   Filed 07/10/17   Page 12 of 25

51.    The Debtor has demonstrated adequate assurance of future performance with respect to the assumed executory contracts.  No party to an executory contract has objected to the Fourth Amended Plan or the assumption of any executory contract.

52.    The Debtor exercised sound and considered business judgment in the formulation of the Fourth Amended Plan.  The Debtor has demonstrated sound business purpose and justification for the Fourth Amended Plan including, without limitation, the desire to avoid an immediate sale of the Keeaumoku Property in order to benefit from future appreciation.

53.    The Fourth Amended Plan was negotiated, proposed, and entered into by the Debtor without collusion, in good faith, and (insofar as the Debtor's prepetition creditors are concerned) from arms-length bargaining positions. Because Dong Woo Lee controls both the Debtor and its sole member, Cuzco Korea, one cannot say that those entities bargained at arms length. But because the Fourth Amended Plan leaves Cuzco Korea's Equity Interests intact, confirmation of the Fourth Amended Plan is proper nevertheless.

54.    The identity and affiliations of Dong Woo Lee, the individual who will serve as manager of Reorganized Debtor as of the Effective Date, have been fully disclosed.  The appointment to, or continuance in, such office by Mr. Lee is consistent with the interests of holders of Claims against and Equity Interests in the

U.S. Bankruptcy Court - Hawaii   #16-00636   Dkt # 653   Filed 07/10/17   Page 13 of 25

Debtor and with public policy. The nature of Mr. Lee's compensation has also been fully disclosed.

55. No rates charged by the Debtor are subject to the approval of any governmental regulatory commission.

56. The liquidation analyses provided in the Disclosure Statement as amended (a) are persuasive and credible, (b) have not been controverted by other evidence, and (c) establish that each holder of a Claim in an impaired Class either has accepted the Fourth Amended Plan or will receive or retain under the Fourth Amended Plan, on account of such Claim, property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtor was liquidated under chapter 7 of the Code on such date.

57. Confirmation of the Fourth Amended Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor. The Fourth Amended Plan itself provides for an auction sale if the effort to refinance is not successful.

58. All fees payable under Section 1930 of title 28, United States Code, as determined by the Code, have been paid or will be paid pursuant to the Fourth Amended Plan.

59. The Debtor does not owe any "retiree benefits," as that term is defined in Section 1114.

U.S. Bankruptcy Court - Hawaii   #16-00636   Dkt # 653   Filed 07/10/17   Page 14 of 25

60. The Debtor is not required to pay any domestic support obligations, as that term is defined in Section 101(14A).

61. Without prejudice to any claims reserved in the order confirming the Fourth Amended Plan, the Debtor and its respective employees, officers, members, directors, agents, shareholders, and representatives, and any professional persons employed or formerly employed by any of them, have acted in "good faith" within the meaning of Section 1125(e) in compliance with the applicable provisions of the Code and Bankruptcy Rules in connection with all their respective activities relating to the solicitation of acceptances to the Fourth Amended Plan and their participation in the activities described in Section 1125.

62. Any finding of fact subsequently determined to be a conclusion of law shall be deemed a conclusion of law.

## CONCLUSIONS OF LAW

### Jurisdiction and Venue

1. The confirmation of the Fourth Amended Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L).

2. This Bankruptcy Court has jurisdiction over the Case, pursuant to Sections 157 and 1334 of title 28 of the United States Code. Venue is proper pursuant to Sections 1408 and 1409 of title 28 of the United States Code.

U.S. Bankruptcy Court - Hawaii   #16-00636   Dkt # 653   Filed 07/10/17   Page 15 of 25

## Modification Requirements (Section 1127(b))

3.     The Third Amended Plan has not been substantially consummated within the meaning of Section 1101(b). The Debtor may modify the Third Amended Plan in accordance with Section 1127(b). *See* Findings of Fact ("FOF") 39-40.

## Confirmation Requirements

4.     Based on the evidence received in this [main] Case, the "JCCHO Adversary", the "Yedang Adversary" and the Tera Adversary, the Court finds that the Debtor has carried its burden of proving the elements of Section 1129 by a preponderance of the evidence.

5.     To the extent not resolved or withdrawn, any objections to the Plan Modification Motion and confirmation of the Fourth Amended Plan are overruled in all respects.

## Confirmation Requirements (Section 1129(a)(1))

6.     The Fourth Amended Plan complies with the applicable provisions of the Code, thereby satisfying Section 1129(a)(1).

(a)     The Fourth Amended Plan properly designates classes of claims and places substantially similar claims in each class, thereby satisfying Sections 1122 and 1123(a)(1). *See* FOF 41 and 42.

U.S. Bankruptcy Court - Hawaii   #16-00636   Dkt # 653   Filed 07/10/17   Page 16 of 25

(b)     Classes 1 and 7 are not impaired under the Fourth Amended Plan within the meaning of Section 1124. The Fourth Amended Plan specifies the treatment of each Class that is not impaired, thereby satisfying Section 1123(a)(2). *See* FOF 43 and 45.

(c)     The Fourth Amended Plan specifies the treatment of each Class that is impaired (Classes 2-6), thereby satisfying Section 1123(a)(3). *See* FOF 44.

(d)     The Fourth Amended Plan provides for the same treatment for each claim or interest in a particular Class, unless the holder thereof agrees to a less favorable treatment, thereby satisfying Section 1123(a)(4). *See* FOF 42.

(e)     The Fourth Amended Plan provides adequate means for its implementation, thereby satisfying Section 1123(a)(5). *See* FOF 50.

(f)     Because the debtor is not a corporation, Section 1123(a)(6) does not apply to the Debtor or the Fourth Amended Plan.

(g)     The Debtor has disclosed the identity of the manager of the Reorganized Debtor, and all of the Fourth Amended Plan's provisions with respect to the manner of selection of any officer, director, or trustee (and any of their successors) under the Fourth Amended Plan are consistent with the interests of creditors, equity holders, and public policy in accordance with Section 1123(a)(7). *See* FOF 54.

U.S. Bankruptcy Court - Hawaii   #16-00636   Dkt # 653   Filed 07/10/17   Page 17 of 25

(h)    The Fourth Amended Plan's provisions are appropriate and not inconsistent with the applicable provisions of the Code.

(i)    The Fourth Amended Plan is dated and identifies the entity submitting it as proponent, thereby satisfying Bankruptcy Rule 3016(a).

### Section 1129(a)(2)

7.    The Debtor has satisfied Section 1129(a)(2).

(a)    The Debtor is a proper debtor under Section 109.

(b)    The Debtor has complied with the applicable provisions of the Code, except as otherwise provided or permitted by orders of the Bankruptcy Court.

(c)    The Debtor has complied with the applicable provisions of the Code, the Bankruptcy Rules, and the Solicitation Order in transmitting the Third Amended Plan, the Disclosure Statement, the Ballots, and related documents and notices and in soliciting and tabulating votes on the Third Amended Plan. The Fourth Amended Plan does not materially or adversely change the treatment of any Class other than Class 7 (and Class 7 is deemed to have accepted the Fourth Amended Plan). Therefore, the Fourth Amended Plan does not require additional disclosure under Sections 1125 or 1127(a) or re-solicitation of votes under Section 1126, nor does it require that holders of Claims be afforded an opportunity to change previously cast acceptances or

U.S. Bankruptcy Court - Hawaii   #16-00636   Dkt # 653   Filed 07/10/17   Page 18 of 25

rejections. The Classes that accepted the Third Amended Plan are deemed to have accepted the Fourth Amended Plan. Additional notice under Bankruptcy Rule 3019(a) is not required.

(d)    The injunctive provisions of the Fourth Amended Plan and the Confirmation Order implement the Debtor's discharge. Moreover, the Fourth Amended Plan provides a mechanism for parties in this Case to seek relief from the injunction.

## Section 1129(a)(3)

8.    The Debtor has proposed the Fourth Amended Plan in good faith and not by any means forbidden by law, thereby satisfying Section 1129(a)(3). *See* FOF 52, 53, and 61.

## Section 1129(a)(4)

9.    Any payment made or to be made by the Debtor for services or for costs and expenses in or in connection with this Case, or in connection with the Fourth Amended Plan and incident to this Case, has been approved by, or is subject to the approval of, the Bankruptcy Court as reasonable, thereby satisfying Section 1129(a)(4).

## Section 1129(a)(5)

10.    The Debtor has complied with Section 1129(a)(5). *See* FOF 54.

U.S. Bankruptcy Court - Hawaii   #16-00636   Dkt # 653   Filed 07/10/17   Page 19 of 25

## Section 1129(a)(6)

11.     Section 1129(a)(6) is not applicable. *See* FOF 55.

## Section 1129(a)(7)

12.     The Fourth Amended Plan satisfies Section 1129(a)(7). *See* FOF 56.

## Section 1129(a)(8)

13.     Class 1 is unimpaired under the Fourth Amended Plan. Therefore,
Class 1 is conclusively presumed to have accepted the Fourth Amended Plan under
Section 1126(f). Classes 2, 3, and 4 are impaired and have voted to accept the
Fourth Amended Plan in accordance with Section 1126(d).  Because Class 5 is
impaired and has rejected the Fourth Amended Plan, Section 1129(a)(8) is not
satisfied, and the Fourth Amended Plan may be confirmed only if Section 1129(b)
is satisfied. *See* Conclusion of Law ("COL") 20-22 below.

## Section 1129(a)(9)

14.     The treatment of Administrative Claims and Priority Tax Claims
under the Fourth Amended Plan satisfies Section 1129(a)(9).

15.     In accordance with the Third Amended Plan, the Debtor paid
approximately $18,864.13 to the State of Hawaii, Department of Taxation
("DOTAX") towards DOTAX's Priority Tax Claim filed as of the Effective
Date.  Pursuant to DOTAX's amended Priority Tax Claim, the Debtor is hereby

U.S. Bankruptcy Court - Hawaii   #16-00636   Dkt # 653   Filed 07/10/17   Page 20 of 25

ordered to pay DOTAX's amended Priority Tax Claim in full within two weeks of entry of this Order.

## Section 1129(a)(10)

16.    At least one Class of Claims against the Debtor that is impaired under the Fourth Amended Plan has accepted the Fourth Amended Plan, determined without including any acceptance of the Fourth Amended Plan by an insider, thus satisfying the requirements of Section 1129(a)(10) . Classes 2, 3, and 4 satisfy this requirement.

## Section 1129(a)(11)

17.    Confirmation of the Fourth Amended Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor, thus satisfying the requirements of Section 1129(a)(11). *See* FOF 57.

## Section 1129(a)(12)

18.    The Fourth Amended Plan satisfies Section 1129(a)(12) . *See* FOF 58.

## Sections 1129(a)(13) and (a)(14)

19.    Sections 1129(a)(13) and 1129(a)(14) do not apply to the Debtor. *See* FOF 59 and 60.

U.S. Bankruptcy Court - Hawaii   #16-00636   Dkt # 653   Filed 07/10/17   Page 21 of 25

**Section 1129(b)**

20.     The Fourth Amended Plan does not discriminate unfairly and is fair and equitable with respect to each rejecting Class, as required by Section 1129(b)(1).

21.     The Fourth Amended Plan can be confirmed despite the dissenting vote of Class 5 under Section 1129(b)(2)(B)(i) because the Fourth Amended Plan provides for payment in full of Allowed Claims of Holders of General Unsecured Claims in Class 5.

22.     Since Section 1129(b)(1) is satisfied, Section 1129(b)(2) need not be addressed.

23.     Upon confirmation and the occurrence of the Effective Date, the Fourth Amended Plan shall be binding upon the members of each rejecting Class.

**Other Matters**

24.     The principal purpose of the Fourth Amended Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933.  No governmental agency with standing to raise such an objection has raised any such objection.  Therefore, Section 1129(d) does not bar confirmation of the Fourth Amended Plan.

25.     The Plan Modification Motion and Fourth Amended Plan satisfy the requirements of Section 1127(b), and satisfy the Reconsideration Order.

U.S. Bankruptcy Court - Hawaii   #16-00636   Dkt # 653   Filed  07/10/17   Page 22 of 25

26.     Except as otherwise provided in the order confirming the Fourth Amended Plan, the Debtor and its respective employees, officers, members, directors, agents, shareholders, and representatives, and any professional persons employed or formerly employed by any of them, are entitled to the protections afforded by Section 1125(e). *See* FOF 61.

27.     Article VII of the Fourth Amended Plan governing the assumption and rejection of executory contracts and unexpired leases satisfies the requirements of Sections 365 and 1123(b)(2), including the requirement that adequate assurance of future performance under the Assumed Executory Contracts will be provided.

28.     The release, injunction, and exculpation provisions contained in the Fourth Amended Plan (as limited by the order confirming the Fourth Amended Plan) are fair and equitable, are given for valuable consideration, were properly noticed to holders of Claims and Equity Interests and other interested parties in accordance with the requirements of due process and the applicable provisions of the Code and Bankruptcy Rules, and are in the best interests of the Debtor and its Estate.

29.     Each term and provision of the Fourth Amended Plan is valid and enforceable pursuant to its terms, except as modified by the order confirming the Fourth Amended Plan.

U.S. Bankruptcy Court - Hawaii   #16-00636   Dkt # 653   Filed 07/10/17   Page 23 of 25

30.     The Fourth Amended Plan satisfies the requirements for confirmation set forth in Sections 1126 and 1129.

31.     The Debtor has satisfied the requirements of Section 365(b)(1) in connection with the assumption of the Assumed Executory Contracts.  Each of the Assumed Executory Contracts is an executory contract or an unexpired lease of the Debtor under Section 365.  All conditions under Section 365 for the assumption by the Debtor of each Assumed Executory Contract to which it is a party have been satisfied.

32.     The Bankruptcy Court may properly retain jurisdiction over the matters set forth in Section 11.1 of the Fourth Amended Plan and Section 1142.  It is appropriate for this Court to retain jurisdiction to: (a) enforce and implement the terms and provisions of the Fourth Amended Plan; (b) enforce the Assumed Executory Contracts; and (c) resolve any disputes arising under or related to the Fourth Amended Plan.

33.     Pursuant to Section 1146(c): (a) the issuance, transfer, or exchange of notes or equity securities under the Fourth Amended Plan; or (b) the creation of any mortgage or other security interest in furtherance of, or in connection with, the Fourth Amended Plan shall not be subject to any stamp tax, recording tax, conveyance tax, personal property transfer tax, real estate transfer tax, sales or use tax, or other similar tax.

U.S. Bankruptcy Court - Hawaii   #16-00636   Dkt # 653   Filed 07/10/17   Page 24 of 25

34. Any conclusion of law later determined to be a finding of fact shall be deemed a finding of fact.

35. Based on the foregoing findings and conclusions, it is appropriate for the Court to enter an order confirming the Fourth Amended Plan.

**END OF FINDINGS OF FACT AND CONCLUSIONS OF LAW**

U.S. Bankruptcy Court - Hawaii   #16-00636   Dkt # 653   Filed  07/10/17   Page 25 of 25