Date Signed:
August 22, 2017



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>CUZCO DEVELOPMENT U.S.A., LLC,<br><br>                Debtor. | Case No. 16-00636<br>Chapter 11<br><br>Related Dkt.: 479 |

MEMORANDUM OF DECISION ON
APPLICATION FOR FINAL COMPENSATION

      Choi & Ito, counsel for the debtor in possession in this hotly contested chapter 11 case, seeks allowance of final compensation and reimbursement of expenses. I approved a portion of the amount requested on an interim basis and took the balance of the request under advisement.[1] I am now prepared to grant the application in its entirety.

      This case has an extensive and tangled history, which is hard to encapsulate. The most important facts of the case for purposes of this application are summarized

---

[1] Dkt. 555.

in the following paragraphs.

The debtor and debtor in possession, Cuzco Development U.S.A., LLC ("Cuzco Hawaii"), is a Hawaii limited liability company. Choi & Ito represents Cuzco Hawaii in this chapter 11 case.

On the petition date, Cuzco Hawaii owned real property in Honolulu, with an appraised value of $45 million that is subject to a first mortgage securing a debt of about $26,500,000. If Cuzco Hawaii prevails on all of its objections to claims, there will be over $15 million of equity in the property. But if all of the disputed creditors prevail, there may be no equity in the property.

Cuzco Development Korea, Inc. ("Cuzco Korea"), is a corporation organized under Korean law and is the sole member of Cuzco Hawaii. Cuzco Korea's shareholders are apparently divided into at least three factions.

One faction apparently centers on Soo Kyung Yang, who is the second wife and widow of Doo Sup Byun, one of the founders of Cuzco Korea. One member of this faction is Dong Woo Lee, a friend and financial supporter of Ms. Yang. Mr. Lee is the sole manager of Cuzco Hawaii and claims to be the "representative director" of Cuzco Korea.

Another faction seems to coalesce around the children of Mr. Byun, by his first wife.

Tera Resource Co., Ltd. ("Tera"), is a Korean corporation and a stockholder of

U.S. Bankruptcy Court - Hawaii   #16-00636   Dkt # 702   Filed 08/22/17   Page 2 of 7

Cuzco Korea. Tera does not appear to favor (at least not permanently) either faction. Tera is a creditor of Ms. Yang; it has obtained orders from the courts of Korea seizing her stock in Cuzco Korea. Tera also claims that it is a creditor of Cuzco Korea.

Cuzco Korea's shareholders have been engaged, for some time, in multiple lawsuits before the courts of Korea, some of which are resolved and others of which are still pending. There was also at least one lawsuit in the Hawaii state court, which was dismissed by agreement.

Cuzco Hawaii filed for bankruptcy because its first mortgage indebtedness had matured (or was about to mature) and the dispute among the shareholders of its parent company, Cuzco Korea, prevented Cuzco Hawaii from refinancing that debt.

Following extensive litigation, this court confirmed Cuzco Hawaii's third amended plan of reorganization[2] by order entered on February 24, 2017.[3] Briefly summarized, the third amended plan provided that: (1) Mr. Lee will contribute $5 million to Cuzco Hawaii, most of which will be used to pay down the first mortgage debt; (2) Cuzco Hawaii's property will be transferred to a new company solely owned by Mr. Lee; (3) Mr. Lee will seek new financing to pay off the first mortgage and all other creditor claims in full; and (4) if Mr. Lee does not obtain such financing by December 31, 2017, the property will be sold at auction and the proceeds distributed

---

[2] Dkt. 425.

[3] Dkt. 435.

U.S. Bankruptcy Court - Hawaii   #16-00636   Dkt # 702   Filed 08/22/17   Page 3 of 7

to Cuzco Hawaii's creditors.

Cuzco Korea was notified of the third amended plan and did not object to it. This is not surprising because Mr. Lee controls both Cuzco Korea and Cuzco Hawaii.

Tera filed a motion for reconsideration of the order confirming the third amended plan.[4] Tera argued (among other things) that it was entitled to, but was not given, notice of the confirmation hearing, and that the plan is part of a scheme to strip Cuzco Hawaii of its assets for the personal benefit of Mr. Lee and to the detriment of Cuzco Hawaii, Cuzco Korea, and their creditors and stockholders (including Tera). Tera argued that the Cuzco Hawaii was both complicit in and a victim of Mr. Lee's conduct. Tera contended that the court should modify the plan to provide for an immediate auction of the property, the payment of secured claims out of the proceeds, and the reservation of all remaining proceeds for payment of other claims and interests in the order of their entitlement.

Shortly after the third amended plan was confirmed, Choi & Ito filed an application for compensation and reimbursement of expenses. Tera objected to that application in part.[5] (No other party in interest objected.) In summary, Tera argued that Choi & Ito might have a conflict of interest due to its prepetition representation of Ms. Yang, a close associate of Dong Woo Lee, who was to take control of Cuzco

---

[4] Dkt. 441.

[5] Dkt. 526.

U.S. Bankruptcy Court - Hawaii   #16-00636   Dkt # 702   Filed 08/22/17   Page 4 of 7

Hawaii's assets under the third amended plan. Tera did not object to interim approval of the fees for services unrelated to confirmation of the third amended plan, but requested a further hearing on the remainder of the application after it had concluded certain discovery.

In an effort to resolve the motions for reconsideration, Cuzco Hawaii (represented by Choi & Ito) proposed a fourth amended plan. The primary difference between the fourth amended plan and the third amended plan was the elimination of the "equity stripping" provision (as Tera labeled it). Under the fourth amended plan, Cuzco Hawaii retains ownership of its assets and will attempt to obtain new funding. The deadline to obtain sufficient funding, and the timing and procedure for the auction if the debtor fails to obtain the funding, is the same as under the third amended plan.

Choi & Ito was able to resolve a majority of the issues raised in the motions for reconsideration. Tera and two creditors, JCCHO Hawaii, LLC, and Yedang Entertainment USA, LLC, objected vigorously to confirmation of the fourth amended plan. They all argue, among other things, that the fourth amended plan is fatally infected by Mr. Lee's alleged bad faith and that the property should be sold immediately. After extensive litigation, I confirmed the fourth amended plan with

5

some additional modifications[6] and denied Tera's motion for reconsideration of the order confirming the third amended plan.[7]

In light of these developments, Tera's objection to Choi & Ito's final compensation should be overruled.

Neither Tera nor any other party in interest objects to the hourly rates charged by Choi & Ito or the reasonableness and necessity of any of the time charges. I have independently scrutinized the application and the attached billing records. I find that the billing rates are reasonable considering all relevant factors, including the skill and experience of the billing professionals and the market rates in this community for similarly qualified professionals. All of the time entries are adequately detailed and reflect services that were reasonably necessary and efficiently rendered.

I reject the suggestion that Choi & Ito suffered from a conflict of interest. The firm's prebankruptcy representation of Ms. Yang was fully and properly disclosed at the inception of this case. Because that representation ended before the chapter 11 case was filed, and because Ms. Yang's interests in the prebankruptcy litigation were aligned with Cuzco Hawaii's interests (even if they were nominally on opposite sides of the litigation), there is no disqualifying conflict. Choi & Ito's conduct during this

---

[6] Dkts. 653 and 654. Tera, JCCHO, and Yedang have appealed these orders to the district court. The appeals are pending.

[7] Dkt. 657.

U.S. Bankruptcy Court - Hawaii   #16-00636   Dkt # 702   Filed 08/22/17   Page 6 of 7

case proves their loyalty to the interests of the estate: they convinced Cuzco Hawaii and Mr. Lee to propose the fourth amended plan and eliminate the provisions of the third amended plan that personally benefitted Mr. Lee. This demonstrates professionalism of a high order.

    A separate order granting the application will enter.

END OF ORDER